UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No. 8:20-cr-376-VMC-TGW

KENNETH ROYAL,

   Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of the pro se Motion for Miscellaneous Relief filed by Kenneth Royal on October 17, 2022. (Doc. # 71). The United States has responded. (Doc. ## 74, 76). The Court has already directed the Clerk to mail a certified copy of docket entry # 52. (Doc. # 72). For the reasons described below, the Motion is otherwise denied.

**I.  Background**

The Court sentenced Mr. Royal to twenty-seven months of imprisonment on February 24, 2022, for four counts of possession of stolen mail. (Doc. # 68). On March 11, 2021, Mr. Royal's supervised release in a separate case was revoked, and he was sentenced to nine months of imprisonment. (Doc. # 51 at 2). During this time, Mr. Royal was on pretrial release

1

in the instant case. (Id.). On September 23, 2021, Magistrate Judge Thomas G. Wilson ordered that Mr. Royal's conditions of release were revoked retroactive to March 11, 2021. (Doc. # 52).

On October 17, 2022, Mr. Royal filed a pro se motion for miscellaneous relief. (Doc. # 71).

## II.  Legal Standard

The BOP has exclusive jurisdiction over sentence computations subject to later judicial review as governed by 28 U.S.C. § 2241. "After a district court sentences a federal offender, the Attorney General, though the Bureau of Prisons, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992) (interpreting 18 U.S.C. § 3585(b)). Responsibility for determining sentence credits likewise lies with the Attorney General, through the BOP, as opposed to district courts. Id. at 330, 333.

To challenge the BOP's computation of a sentence, an inmate must exhaust his administrative remedies before seeking judicial review. See, e.g., Reno v. Koray, 515 U.S. 50, 53 (1995) (describing procedural history to review Bureau of Prisons determination that an inmate was not entitled to credit for time on pretrial release at a treatment center);

United States v. Nyhuis, 211 F.3d 1340, 1345-46 (11th Cir. 2000) (time-served challenge must be brought under section 2241 only after exhaustion of administrative remedies). A Section 2241 petition must be filed in the district of the prisoner's confinement. See 28 U.S.C. § 2241; see also Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004).

There is a "statutory presumption that multiple terms of imprisonment imposed at different times will run consecutively unless the district court decides otherwise." United States v. Mikell, 847 F. App'x 648, 654 (11th Cir. 2021). In relevant part, 18 U.S.C. § 3584(a) provides, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

Additionally, there are only narrow circumstances in which a district court can modify a sentence. "As a general rule, district courts 'may not modify a term of imprisonment once it has been imposed.'" United States v. Roberson, 746 F.App'x 883, 886 (11th Cir. 2018). These narrow circumstances include a motion from the Director of the Bureau of Prisons, as well as a motion from a defendant after he has exhausted all administrative rights to appeal. See 18 U.S.C. § 3582(c).

3

### III. Analysis

As the government correctly notes, Mr. Royal is not entitled to any relief. (Doc. # 76 at 4). The Court did not note in its judgment that Mr. Royal's sentence in this case should be imposed concurrently to his sentence for violating conditions of supervised release. (Doc. # 68). Based on the BOP's records, Mr. Royal received credit towards each of the prison sentences he has served. (Doc. # 76 at 3). He received nineteen days plus time served between March 11, 2021, and November 21, 2021, as credit towards his sentence in this case – a total of ninety-four days. (Id.).

To the extent Mr. Royal requests that the Court enter an order specifying that the prison sentence in this case began on March 11, 2021, the Motion is denied. The Court agrees with the government that Mr. Royal's request "does not fit within any of the narrow circumstances justifying a sentence modification under 18 U.S.C. § 3582." (Id. at 4).

To the extent Mr. Royal requests a "court order. . .to award defendant the total incarceration time," the Court denies the Motion. Mr. Royal needs to exhaust his administrative remedies before requesting such an order. Additionally, such a request must be filed under 18 U.S.C. § 2241 and brought within the district in which he is

incarcerated, which is currently the Northern District of Florida. (Id. at 4).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) As requested, the Court has already directed the Clerk to mail to Mr. Royal a certified copy of docket entry # 52.

(2) To the extent Kenneth Royal's Motion for Miscellaneous Relief (Doc. # 71) requests any other relief, it is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of November, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5